# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAL WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3715** |
| **WALTER P. REED** | **SECTION "I" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petitions be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this action, LACAL WILSON seeks relief from his allegedly unconstitutional confinement in the Louisiana State Penitentiary at Angola, Louisiana, where Wilson is serving a life sentence as a result of a 2005 burglary conviction. In this court,

Wilson claims that his 2005 conviction in the 22nd Judicial District Court, Parish of St. Tammany, was obtained as a result of his public defender lawyer being ineffective. Wilson asserts that he currently has no petition or appeal pending in any court relative to the judgment under attack in his federal petition. Wilson asserts that he has challenged his conviction before the state intermediate appellate court, specifically the Louisiana Court of Appeal, First Circuit, but fails to offer any evidence that he has presented any challenge to his 2005 conviction to the state's highest court. Wilson has previously filed a similar habeas application with this court challenging the same 2005 conviction. See *Lacal Wilson v. Walter Reed*, Civil Action No. 06-2517 "I"(6). That case was dismissed on June 21st, 2006 by the district court for failure to exhaust state court remedies. The decision was never appealed to the U.S. Court of Appeals for the Fifth Circuit.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the *state's highest court* in

a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)(emphasis added). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

The Court's independent research via a Westlaw search fails to reveal any filings by Wilson to the Louisiana Supreme Court relative to his 2005 conviction. Additionally, a staff member of the undersigned Magistrate Judge contacted the Deputy Clerk of the Louisiana Supreme Court and was informed that no writ application relative to petitioner's 2005 conviction was ever filed with that court. Petitioner's federal habeas application is therefore once again subject to dismissal without prejudice since he has presented this court with unexhausted claims.[1]

---

[1] Since it is clear on the face of petitioner's habeas application as well as from the court's independent research that Wilson has not exhausted his state court remedies, the court did not issue a briefing order to the State of Louisiana requesting either the certified state court record or a written response. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the petition of Lacal Wilson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 17th day of July, 2007.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE